**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | |
|---|---|
| RUSSELL McMILLAN § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | Civil Action No. 3:21-cv-6 |
| § | |
| LOWE'S COMPANIES, INC. § | |
| § | |
| *Defendant.* § | |

## **ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff Russell McMillan files this, his Original Complaint against Defendant Lowes Companies, Inc. and in support states as follows:

I.

### INTRODUCTION

Plaintiff was a long-term Lowe's employee with a near perfect work record from 2001 until his termination in 2020. On or about March 17, 2020, Plaintiff was approved for intermittent FMLA leave for a heart condition **(see Exhibit A)**. At the time of his termination, Plaintiff still had 6 weeks of FMLA leave left on his approved leave. His manager was openly hostile to Plaintiff for exercising his FMLA rights by repeatedly questioning him about how he could take time off. Another manager stated openly that she did not agree with his taking the time off. Defendant disciplined Plaintiff for being absent while on FMLA prior to a planned visit by a high level manager. Defendant then terminated Plaintiff's employment thereby interfering with his FMLA rights and retaliating against Plaintiff for his exercising the same.

## II.

## PARTIES

1. Plaintiff ("McMillan" or "Plaintiff") is an individual residing in Las Cruces New Mexico. He is a former employee of Defendant Lowe's Companies, Inc. ("Lowe's" or "Defendant").

2. Defendant is a For Profit Corporation organized under the laws of North Carolina. Lowe's headquarters are located at Mooresville, North Carolina. Defendant offers and sells hardware and home and garden products to the public. Defendant may be served through its Registered Agent, Corporation Service Company d/b/a CSC Lawyers Incorporating Service Company located at 211 East 7th Street, Suite 260, Austin TX 78701-3218.

## III.

## JURISDICTION

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1391(c). A substantial part of the events or omissions giving rise to these claims occurred in El Paso County and Defendant maintains contacts in this district that are sufficient to subject it to personal jurisdiction in this district.

## IV.

## BACKGROUND FACTS

5. Plaintiff, worked for Defendant's Stores from November 21, 2001 until his termination on June 8, 2020. His last position was as Lumber Supervisor at the Defendant's store #1137 located at 4531 Woodrow Bean, Transmountain Road, El Paso Texas 79924.

6. During his employment, Plaintiff held multiple positions within the Defendant's organization. These multiple positions were located in California, Colorado, Washington and Texas. Plaintiff's last position with the Defendant was as a Lumber Supervisor in Defendant's El Paso, Texas store, which paid an annual salary of approximately $60,000 plus benefits.

7. Throughout his employment up until he sought and obtained intermittent FMLA leave, Plaintiff met or exceeded expectations, and was never reprimanded or disciplined.

**Plaintiff's FMLA Leave.**

8. Plaintiff suffers from a serious heart condition.

9. On March 17, 2020, Plaintiff received a Leave of Absence Approval indicating that Defendant had approved Plaintiff's request for intermittent FMLA leave from August 25, 2019 through August 25, 2020. (See Exhibit A)

10. Under the terms of his approved FMLA leave, Plaintiff was approved for 11 days' absence for any heart-related episode up to two episodes per week. Plaintiff was also approved for absences to attend heart-related medical treatment up to six (6) treatments per month.

11. Even though Defendant had approved his FMLA leave, Plaintiff's direct manager, Azbel Frescas ("Frescas") repeatedly questioned Plaintiff as to how he could take time off. Ms. Jennifer Dusatko ("Dusatko") who worked in a different area would repeatedly single out Plaintiff and would hold him accountable on days when he was out on FMLA leave.

12. On one particular incident Dusatko noted a safety incident when Plaintiff was out on FMLA Leave. Dusatko was so outspoken in her disapproval of Plaintiff being on FMLA leave that three of Plaintiff's direct managers, Jesus Lara ("Lara"), Azbel Frescas ("Frescas") and Sergio Montiel ("Montiel") cautioned Plaintiff about Ms. Dusatko's hostility towards him because of his FMLA related absences.

13. On June 8, 2020, Defendant terminated Plaintiff's employment. Defendant's stated reason for terminating Plaintiff's employment was that he had not ordered certain products for the Lumber Department prior to a planned visit by regional manager, Joe McFarland. An additional reason for the termination was an apparent failure to maintain the cleanliness and safety of the Lumber Department.

14. Plaintiff received a first and final warning for this incident. Plaintiff provided corporate emails to Defendant that fully explained that the delay in the delivery of these products was through no fault of his own. Plaintiff also produced an email to the Market Director showing his requests for the products.

15. Defendant terminated Plaintiffs employment during Plaintiff's approved FMLA. At the time of his termination, Plaintiff still had 4 weeks of intermittent FMLA leave.

16. This evidence demonstrates that:

a. Plaintiff was in no way responsible for the non-delivery of the products in question; and

b. Defendant's claim that Plaintiff had not maintained a clean and safe department is unworthy of belief in light of his ten years of service without any prior warning for this.

17. Defendant's stated reasons for Mr. McMillan's termination are a pretext to cover up for Defendant's willful interference with Plaintiff's FMLA rights and retaliation for Plaintiff's exercise of the same.

## V.

## COUNT ONE

## FMLA INTERFERENCE

18. The foregoing paragraphs are incorporated herein as though fully set forth.

19. Plaintiff was an "eligible employee," as that term is defined in 29 USC § 2611(2)(A). He was employed by Lowe's for at least 12 months and had worked at least 1,250 hours during the 12-month period preceding his request for leave.

20. Lowe's is a "covered employer," as that term is defined in 29 USCA § 2611(4)(A)(I). Lowe's was engaged in commerce, and it employed 50 or more employees for each working day during each of 20 or more calendar workweeks in 2019 and 2020.

21. Plaintiff gave Lowe's adequate notice of the fact that he needed to take time off work for a serious medical condition and to attend medical appointments related to his medical condition.

22. Defendant was aware, as of March 2020, that Plaintiff had requested periodic time off of work, and that his request for leave was for an FMLA-qualifying reason, his own serious health condition.

23. Lowe's also failed to provide Plaintiff with a written notice detailing the specific expectations and obligations of the employee while on leave as required by 29 CFR § 825.300(c)(1). Specifically, Defendant failed to notify Plaintiff of:

(A) the applicable 12-month period for his FMLA entitlement, as required by 29 CFR § 825.300(c)(1)(I);

(B) his right to substitute paid leave, as required by 29 CFR § 825.300(c)(1)(iii);

(C) whether he would be required to substitute paid leave, as required by 29 CFR § 825.300(c)(1)(iii);

(D) what conditions, if any, applied to the substitution of paid leave, as required by 29 CFR § 825.300(c)(1)(iii);

(E) his entitlement to take unpaid FMLA leave if he did not meet the conditions for substituting paid leave, as required by 29 CFR 825.300(c)(1)(iii); or

(F) his right to be restored to the same or an equivalent position upon his return from FMLA leave, as required by 29 CFR 825.300(c)(1)(vi).

24. Lowe's also failed to provide Plaintiff with a written designation notice – stating whether the intermittent leave would be designated as FMLA leave, and how much time would be counted against his allotted 12 weeks of leave – within 5 days after learning that leave was being taken for a FMLA-qualifying reason, in violation of 29 CFR § 825.300(d).

25. Lowe's interfered with Plaintiff's rights under the FMLA to take 12 weeks of leave – on a continuous or intermittent basis -- per year for a qualifying reason (29 USC § 2612), as well as his right to be reinstated to the same or an equivalent position after taking protected leave (29 USC § 2614).

26. Plaintiff's FMLA leave was counted against him resulting in his termination.

27. As a result of Lowe's actions, Plaintiff has lost wages and benefits and has sustained other actual monetary losses as a direct result of the violation. He seeks to recover these amounts and other appropriate equitable or other relief, including but not limited to employment, reinstatement, or front pay in lieu of reinstatement.

28.. Lowe's violation of the FMLA was willful or in reckless disregard of Plaintiff's statutory rights. The violation was not in good faith, and Lowe's had no reasonable grounds to believe that it was not violating the FMLA. Plaintiff therefore requests liquidated damages as provided by the FMLA.

29. In addition, Plaintiff has had to retain the undersigned attorney to prosecute these claims. He therefore seeks to recover his attorneys' fees and court costs, as well as pre-judgment and post-judgment interest, as permitted.

## VI.

## COUNT TWO

## FMLA RETALIATION

30. The foregoing paragraphs are incorporated herein as though fully set forth.

31. Lowe's, by terminating Plaintiff's employment, acted in retaliation against Plaintiff for him exercising his FMLA rights. Said actions were therefore willful and intentional and warrants an award of back pay and liquidated damages.

## VII.

## JURY DEMAND

32. Plaintiff requests a jury trial in this cause.

WHEREFORE, Plaintiff requests that Lowe's be summoned to appear and answer, and that on final trial, he be awarded his lost wages and benefits, other actual monetary losses, equitable relief as appropriate, liquidated damages, attorneys' fees, court costs, interest as permitted by law, and any and all such other just relief as allowed under the law.

*Respectfully submitted*,

**KILGORE & KILGORE, PLLC**

By: */s/ Nicholas A. O'Kelly*
   NICHOLAS A. O'KELLY
   State Bar No. 15241235

Kilgore Law Center
3109 Carlisle
Dallas, TX 75204
(214) 379-0831 - Telephone
(214) 379-0841 - Fax

**ATTORNEY FOR PLAINTIFF
RUSSELL McMILLAN**



# LEAVE OF ABSENCE APPROVAL

Phone: 844-HR-LOWES | Web: mylowesbenefits.com | Fax: 859-280-4983 | Email: LowesClaimInfo@sedgwick.com
Mail: PO Box 14671, Lexington, KY 40512

03/17/2020

Hello Russell Mcmillan:

You are approved for your time away from work.

- **Your Case Number:** B908300280700050TC
- **The Reason For Your Leave:** your own serious health condition

**Leave of Absence Determination**

- **Federal Family and Medical Leave Act (FMLA) Approved:** August 26, 2019 through August 25, 2020

- **You are approved for the following**
    Absences for Condition: 2 episode(s) per 1 Week(s) with each episode lasting up to 11 Day(s)
    Absences for Treatments: 6 episode(s) per 1 Month(s) with each treatment lasting up to 1 Day(s)

Since the job-protected leave you requested will be unscheduled, it is not possible to provide the hours, days, or weeks that will be counted against your FMLA and/or State leave entitlement at this time. You have the right to request this information once in a 30-day period (if leave was taken in the 30-day period). In conjunction with an absence, the FMLA allows recertification on approved leaves no more often than every 30 days unless the minimum duration of the serious health condition is more than 30 days, or in less than 30 days when circumstances of your leave change significantly from the certification used to approve your leave. If the serious health condition is expected to last beyond 6 months; recertification may be required every six months. Once recertification is requested, the existing certification is no longer valid and any absences will be kept in a pending status, meaning they are neither approved nor denied, until you have returned the required documentation and we are able to make a final leave determination.

Lowe's allows you to substitute or use paid leave during your FMLA and/or State leave. This may include accrued sick, vacation, holiday or other paid leave as required per Lowe's leave policies. Any paid leave taken for this reason will count against your FMLA and/or State leave entitlement. If you wish to use accrued time off, please contact the Lowe's Disability, Leaves and Accommodations Service Center, managed by Sedgwick, at 1-844-HR LOWES.

**If You Need Additional Time Away from Work**
- **Request More Time:** Your approval will expire on 08/25/2020, and you will need to provide an updated and fully completed certification form prior to the expiration date if an extension is needed.

## Need additional help?

You can access your claim information any time through **mylowesbenefits.com** by clicking the Leaves and Accommodation tile or by calling our interactive voice response (IVR) system at 844-HR-LOWES. If you have any

**EXHIBIT A**

Sedgwick Claims Management Services, Inc.
PO Box 14671
Lexington, KY 40512


March 17, 2020


Russell Mcmillan
2521 North Main St Unit 1 #115
Las Cruces, NM 88001

**EXHIBIT A**

questions or experience a change in your circumstances please contact the Lowe's Disability, Leaves and Accommodation Service Center, managed by Sedgwick, Monday through Friday 7:00 a.m. - 8:30 p.m. Central Time.

Thank you,

Lowe's Disability, Leaves and Accommodation Service Center